**Patricia Ann MURPHY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36581.**

Court of Criminal Appeals of Texas.

April 22, 1964.

C. C. Divine, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

Our prior opinions are withdrawn.

The offense is the unlawful possession of a dangerous drug; the punishment, ninety days in jail.

Trial was before the court on a plea of not guilty.

The state offered evidence to the effect that upon a search of appellant's purse, at the police station, two capsules in a small plastic container were found.

The capsules were offered in evidence. Chemist Floyd McDonald testified that the red capsule contained secobarbital and the blue and red capsule contained a mixture of amobarbital and secobarbital, a derivative of barbituric acid.

The state's evidence was admitted over objection that it was obtained as the result of an illegal arrest and search.

The appellant was a passenger in an automobile which was pursued and stopped because of a traffic law violation. The arresting officer testified that the appellant was sitting in the car with her purse open in her hand and lap; that he asked her a question and she did not respond and: "I asked her to get out of the car. She did not get out óf the car, and I reached in and taken hold of her and brought her out of the car.

"As I brought her out of the car, she had one—she had her purse in one hand, and I had hold of the other hand. The other officer immediately—I turned her over to him, handing him this purse taken away from her, and I told the officer to place her in the patrol unit."

The state argues that the arrest of the appellant without a warrant was lawful under the holding of this Court in Cook v. State, 155 Tex.Cr.R. 580, 238 S.W.2d 200, and King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501, to the effect that one found drunk in a public place may be arrested without warrant.

Reliance is had upon the testimony of the arresting officer that he formed the opinion that appellant was intoxicated. Assuming without deciding that there were sufficient facts and circumstances to support it, the officer's opinion was based in part upon the way the appellant walked while being "guided to the patrol unit," *after* she had been pulled from the car; her purse taken from her and the arresting officer had directed his fellow officer to "place her in the patrol unit."

The cases cited do not support the state's position.

■ The arrest of the appellant without a warrant occurred when she was pulled out of the car and it was unlawful. She had done nothing more than fail to answer a question (the nature of which is not revealed by the record) and to comply with the order of the police officer to get

out of the car. No facts or circumstances are shown which would warrant her being pulled from the car.

■ The arrest of appellant without a warrant being unlawful, the evidence obtained as a result of the search of her purse was not admissible. Art. 727a, Vernon's Ann.C.C.P.

Appellant's motion for rehearing is granted, the order affirming the conviction is set aside, and the judgment is reversed and cause remanded.