**Louis S. WILLETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42527.**

Court of Criminal Appeals of Texas.

April 22, 1970.

Rehearing Denied June 17, 1970.

--------◆--------

John Michael Ille, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and William D. Darling, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

## ON MOTION FOR REHEARING

DOUGLAS, Judge.

The conviction is for the possession of marijuana; the punishment, five years, probated.

The appellant contends that the trial court erred in admitting in evidence the testimony concerning the marijuana which was obtained as a result of the illegal arrest of the appellant. The marijuana was not introduced in evidence.

The record reflects that at eleven o'clock at night appellant was the driver of an automobile which was approximately three car lengths in front of a patrol car when he made a right turn into a private driveway. The patrol car pulled in the driveway behind the appellant's car. The officer asked the appellant for identification which he (appellant) gave to him. Appellant and the two passengers of his car were then placed in the back seat of the patrol car. The officers then drove the patrol car some two blocks to a service station for the purpose of checking by telephone with the Identification Bureau. After completing the call, Officer Keltie returned to the patrol car and asked one of the men to step out. At that time he saw the appellant reach down as if placing something on the floor. Keltie then asked the appellant to step out of the car, and he looked on the floorboard where the appellant had been sitting and saw a penny matchbox which appeared to contain marijuana and was at the trial stipulated to contain marijuana.

The State contends that the arrest was legal in that it was for a violation of Article 6701d, Sec. 68, Vernon's Ann.T.C.S., a right-hand turn into a private driveway without giving a signal. Article 6701d, Sec. 68, supra, provides in part:

"(a) No person shall * * * turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.

"Sec. 153. Any peace officer is authorized to arrest without warrant any person *found committing a violation of any provisions of this Act.*"

To prove that the appellant violated the statute in not giving a signal in making the right turn into the private driveway, the

State called Officer Keltie who testified as follows:

"Q. What, if anything, unusual did you observe at that time?

"A. A Chevrolet make automobile traveling north on Quebec Street. This vehicle made a right-hand turn into a driveway in the 8300 block of Quebec.

"Q. Was there anything unusual about this turn the automobile made in the 8300 block of Quebec?

"A. I could see no visible right-hand turn signal before the vehicle made the turn.

"Q. At what distance from this automobile were you at this time?

"A. Approximately three car lengths.

"Q. And this was quite dark at that time, was it not?

"A. Yes, sir.

"Q. Did you have your lights on?

"A. Yes, sir.

"Q. Was there street lights on the street which you traveled, Quebec?

"A. I don't recall.

"Q. Were there lights on the vehicle you were observing that turned in the 8300 block of Quebec?

"A. Yes, sir.

"Q. You observed no hand signal or light signal, is that correct?

"A. Yes, sir."

There is no evidence that the operation by the appellant of his automobile at the time and place in question was a threat or hazard to traffic safety or that traffic safety was affected by the movements of his car as he turned right into the private driveway. The only motor vehicle at or near the scene other than appellant's was that driven by Officer Keltie, and there is no testimony to show that appellant's right turn into the driveway affected the movement of his automobile.

There are no facts or circumstances shown which would warrant the detaining of the appellant and requiring him to get in the patrol car and accompany the officers to the service station. The illegal arrest of the appellant without a warrant and his detention thereafter rendered the testimony concerning the marijuana obtained at the service station inadmissible.

The prior opinion affirming the conviction is withdrawn; the appellant's motion for rehearing is granted, and the judgment is reversed and the cause is remanded.