Jerry M. DUFF and Derrell M. Pendley, Appellants,

v.

The STATE of Texas, Appellee.

No. 51681.

Court of Criminal Appeals of Texas.

Jan. 19, 1977.

Cameron M. Cunningham and Stephen W. Russell, Austin, for appellants.

Robert O. Smith, Dist. Atty., Stephen Capelle, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

### ON APPELLANTS' MOTION FOR REHEARING

BROWN, Commissioner.

Our prior opinion is withdrawn.

These are appeals from convictions for possession of marihuana. Appellants waived the right to a trial by jury and were tried before the court. Punishment was assessed at five years in the Texas Department of Corrections for appellant Duff and two years for appellant Pendley. Imposition of sentence was suspended and both appellants were placed on probation.

In addition to contesting the legality of the search of their automobile revealing the marihuana, appellant Pendley challenges the sufficiency of the evidence to show that he possessed the marihuana.

At the hearing on the motion to suppress, Officer Schmidt testified that he was parked in his marked patrol car at the corner of Airport Boulevard and 12th Street in Austin around noon on Sunday, January 7, 1975. He stated that his car was facing south and that he saw appellants' vehicle approach the traffic signal at Airport and 12th. The car was traveling north and Schmidt could not state whether or not it stopped for the traffic signal. Schmidt said that he turned his patrol car around and quickly accelerated to follow the car because "it seemed to be speeding." He said that he clocked the car with his own speedometer at 51 MPH in the 1400 block of Airport Blvd. where the speed limit is 45 MPH. He followed the car to the intersection of 19th Street and Airport where it turned right and proceeded east on 19th Street. He stopped the car using his red lights in the 4400 block of East 19th Street, approximately 1 mile from the Airport Blvd. intersection.

Schmidt further testified that when he stopped the car appellant Duff, the driver, got out of the car and came back toward the patrol car. Schmidt said that he told Duff to get in the patrol car and then told him why he had been stopped and then asked for his identification. He stated that he inquired about Duff's passenger and that Duff responded that the passenger's name was Pendley and that he had come to Austin from Corpus Christi with him that day. Schmidt said that he then approached the car on the driver's side to speak with Pendley and to request identification. He said that Pendley told him he was a hitchhiker whom Duff had picked up about five minutes earlier just outside of Austin. Schmidt said he then went around to the passenger side of the vehicle and asked Pendley to get out of the car. He said that he did this because he detected the "very strong odor of marihuana" and because he saw "a large amount of marihuana seeds laying on the front . . . floorboard." He said that he then put Pendley in the custody of another officer and conducted a search of the car. (It is not clear whether the other officer was a partner with Schmidt in his patrol car or if he responded to a radio request from Schmidt.) Schmidt said that he found about thirty (30) pounds of marihuana in a large box in the back seat of the car. He said that the marihuana was in a garbage bag which was partially torn and placed in the box which was sealed with

tape. Duff and Pendley were transported to jail where Schmidt said that a search of Duff revealed a pipe containing marihuana residue. Schmidt said that he issued Duff a warning ticket for speeding after he had been taken to jail.

It was further developed in Schmidt's testimony that he recognized the odor of the marihuana from his police academy training and from having smelled it "20 or 30 times." He stated that there was no difference between the odor of unburned marihuana and marihuana smoke and that there was no evidence in the car that marihuana had recently been smoked; that is, there were no "roaches" or ashes that he could see.

Officer Rodman testified that he searched the vehicle at the police station and that he found another large quantity of marihuana packaged in burlap bags in the trunk of the car. He stated that there was a suitcase in the trunk which also contained marihuana seeds, residue and papers. However, Rodman stated that his search of the front floorboard of the car revealed no marihuana seeds, but only a large amount of trash, such as cans, bottles and paper.

Appellant Duff testified that he saw Schmidt's patrol car parked at the 19th Street intersection of Airport Blvd. and not at 12th Street. He stated that when the officer stopped him that he got out of his car and walked back and met Schmidt halfway and that Schmidt asked him if he had a gun and then told him to get into the patrol car. Duff recalled no mention of speeding, but said that Schmidt went immediately to his car and questioned Pendley and that he then radioed for help. Duff stated that Schmidt issued no warning ticket to him at any time. He also stated that there were no marihuana seeds on the front floorboard, but that it was covered by a mat. Pendley did not testify.

Appellant's first four grounds of error all deal with the legality of the search of the automobile and will be discussed together. In addition to contending that the initial stop of the car was a pretext for the search, appellant maintains that even if the initial stop was justified, Officer Schmidt exceeded his authority by approaching the vehicle and, subsequently, conducting a search.

■ We are in accord with appellant's recitation of the law supporting a citizen's right to travel on the public roads without unreasonable interference and limiting the extent to which an officer can detain citizens in his efforts to curtail crime. We cannot agree, however, with appellant's contention that Officer Schmidt could not approach his car because "the purpose for which (he) allegedly stopped appellant Duff's vehicle . . . was completely accomplished at the time he chose to approach the passenger." In support of this contention, appellant relies on *Willett v. State*, 454 S.W.2d 398 (Tex.Cr.App.1970) and *Murphy v. State*, 378 S.W.2d 73 (Tex. Cr.App.1964). Neither case is directly applicable to the instant case.

In *Willett*, the officer pulled in behind the defendant's vehicle after it turned into a private driveway without signaling a right turn. He then placed the defendant and the other occupants of the car into his patrol car and drove off to another location where he checked their identification by telephone. We held there were no facts and circumstances which would justify detaining the defendant and requiring him to get in the patrol car and accompany the officer to another location.

In *Murphy*, the accused was a passenger in a car which the officer stopped because of a traffic violation. The officer asked her a question (which was not specified) and when she did not respond he asked her to get out of the car. When she did not get out he reached in and physically removed her from the vehicle. The State argued that the officer was justified because he had formed the opinion that the defendant was drunk. However, this Court reversed the case because, under the facts and circumstances, the officer could not have formed his opinion until after he had pulled her from the car. The arrest and search were held to be unlawful.

Neither *Willett* nor *Murphy* stands for the proposition that the officer was not

justified in approaching the defendant's vehicle. In both cases the officer was where he had a right to be; however, he exceeded his authority in each case by his actions *after* approaching the car.

■ In the instant case, Officer Schmidt testified that he stopped the appellants' vehicle because it was speeding. The traffic violation served as justification for the initial stop of the car. *Borner v. State*, 521 S.W.2d 852 (Tex.Cr.App.1975) (speeding violation); *Hampton v. State*, 511 S.W.2d 1 (Tex.Cr.App.1974) (improper lane change); *Trusley v. State*, 505 S.W.2d 861 (Tex.Cr. App.1974) (improper start, no license plate light).

■ Appellant contends that, since there was a conflict in testimony over whether Schmidt issued the warning ticket, the State should have produced a copy of the ticket to support the justification for the initial stop. The trial court was the sole judge of the credibility of the witnesses and the facts in the hearing on the motion to suppress. *Draper v. State*, 539 S.W.2d 61 (Tex.Cr.App. decided July 19, 1976). He was present and observed the witnesses' demeanor and the manner in which each witness testified. We are unwilling to conclude, upon this record, that the trial court abused its discretion in impliedly finding that Officer Schmidt told the truth. *Hampton*, supra.

Nor are we willing to agree that since Duff, as driver of the car, was in the patrol car with Schmidt, there was no justification for Schmidt's approach of the car to question Pendley. Not only was he justified in approaching the car if he desired to check the license plate number or vehicle inspection sticker, but we have previously held that there is no prohibition against his questioning the passenger of the car. *Leonard v. State*, 496 S.W.2d 576 (Tex.Cr.App.1973); *Wood v. State*, 515 S.W.2d 300 (Tex.Cr.App. 1974).

In *Leonard*, the defendant's car was stopped for a routine license check and the driver got out of the car and approached the officer. The officer detected "an odor from his clothing . . . marihuana smell." He then approached the vehicle to ask the passenger for his identification whereupon he detected the "real strong odor of marihuana." The subsequent search was upheld.

In *Wood*, the accused was a passenger in a car driven by Glen Tores. An officer stopped the car because it had run a stop light and as he was discussing the traffic violation with the driver, Tores, he "observed by the light of (his) flashlight that the appellant appeared to be having difficulty keeping his eyes open and (he) formed the opinion that the appellant was under the influence of alcohol or drugs." When Wood could produce no identification, Tores quickly interjected that he had lost his driver's license the day before. Wood was asked to get out of the car and as he did the officer noticed that he was still acting as if under the influence of intoxicants and that he was watching the officer's holstered pistol. The officer became somewhat apprehensive about his own safety due to Wood's appearance. We upheld the officer's subsequent pat down search of Wood and the search of the area in the car where he had been seated stating that "an occupant of an automobile is just as subject to a reasonable stop and to a reasonable frisk as is a pedestrian." *Wood*, supra at 306; *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). See *Borner v. State*, supra, where the passenger in the Borner car made a movement as if trying to hide something, and compare with *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972) where the search was not upheld because the officer had no justification for the initial stop and the movement of passengers as though they were hiding something was not, by itself, sufficient to justify an investigative stop. See also *Keah v. State*, 508 S.W.2d 836 (Tex.Cr.App.1974).

■ We hold that, under the circumstances of a valid traffic stop, Officer Schmidt was authorized to approach the appellant's car and that his detection of marihuana odor coupled with what appeared to be marihuana seeds on the floor

and the conflict between the two appellants' stories justified his search of the vehicle.

Appellants' first four grounds of error are overruled.

We turn now to the contention that the evidence is insufficient to show possession of the marihuana by appellant Pendley. We note that the trial on guilt or innocence was before the court without a jury and that the appellants agreed to a stipulation of the evidence presented at the motion to suppress hearing. The question of sufficiency of the evidence is therefore dependent on the facts and circumstances as set out above with no additional evidence.

■ To establish unlawful possession of a controlled substance, such as marihuana, the State must prove two elements: (1) that the accused exercised care, control and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976); *Higgins v. State*, 515 S.W.2d 268 (Tex.Cr.App.1974). Possession of marihuana, however, need not be exclusive and evidence which shows that the appellant jointly possessed the marihuana with another is sufficient. *Long v. State*, 532 S.W.2d 591 (Tex.Cr.App.1976); *Williams v. State*, 524 S.W.2d 705 (Tex.Cr.App.1975). Mere presence at a place where narcotics or dangerous drugs are possessed does not in itself justify a finding of joint possession. *Long v. State*, supra; *Curtis v. State*, 519 S.W.2d 883 (Tex.Cr.App.1975).

■ Where the accused is not in the exclusive control of the place where the contraband is found, it cannot be concluded that he had knowledge of the contraband and control of it unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Long v. State*, supra; *Barnes v. State*, 504 S.W.2d 450 (Tex.Cr.App.1974). A conviction based on circumstantial evidence cannot be sustained unless the circumstances exclude every other reasonable hypothesis except that the accused is guilty. Proof which amounts only to a strong suspicion or mere probability is insufficient. *Higgins v. State*, supra; *Culmore v. State*, 447 S.W.2d 915 (Tex.Cr.App.1969).

■ Applying these general principles to the instant case, we must determine if the State has met its burden of linking appellant Pendley with the marihuana by "independent facts and circumstances" in addition to his "mere presence" in the automobile with Duff. The independent facts and circumstances are (1) Duff's statement that Pendley had come to Austin with him from Corpus Christi; (2) Pendley's conflicting statement that he was a hitchhiker whom Duff had picked up outside of Austin; (3) Officer Schmidt's statement that he smelled a strong odor of marihuana emanating from the car; (4) Schmidt's statement that there were marihuana seeds scattered all over the front floorboard, and (5) Officer Rodman's testimony that he found no marihuana seeds on the front floorboard.

We compare these facts and circumstances with the case of *Payne v. State*, 480 S.W.2d 732 (Tex.Cr.App.1972). In that case we reserved a conviction for possession of amphetamines because there were no facts or circumstances other than the presence of the defendant as a passenger in a car in which amphetamines were found in a matchbox on the left side of the dashboard.

The instant case differs from *Payne* in that the officer smelled the strong odor of marihuana and saw seeds on the floor of the car. The testimony of Duff that there was a mat and considerable trash on the floor along with the testimony of Officer Rodman that he found no seeds was before the trial court for its consideration along with the testimony of Officer Schmidt. The court, as trier of facts, is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may accept or reject all or any part of a witness's testimony. *Hernandez v. State*, supra; *Aldridge v. State*, 482 S.W.2d 171 (Tex.Cr.App.1972).

In *Harvey v. State*, 487 S.W.2d 75 (Tex.Cr.App.1972) there was no odor of marihuana or marihuana smoke and no evidence of marihuana in plain view which would link

the defendant, a passenger in the rear seat of the car, with the marihuana found in a matchbox hidden in a Kleenex box directly in front of the driver's seat. We reversed the conviction for possession of marihuana even though there was evidence to link the defendant with other narcotics paraphernalia found in the car.

In *Taylor v. State*, 505 S.W.2d 927 (Tex. Cr.App.1974) we reversed a conviction for possession of marihuana when the evidence showed that in addition to the defendant there were at least three other people in his automobile at the time of the arrest and search and all the officers could find were nine marihuana seeds on and under the carpet of the defendant's car. We held that although it was "not unreasonable to assume that marihuana had been possessed at some earlier point in time by a person or persons occupying that automobile" there were no affirmative links to "justify a conclusion that, because of this prior conduct, the appellant (was) guilty, beyond a reasonable doubt, of possessing marihuana" in a usable amount.

In *Sanders v. State*, 482 S.W.2d 648 (Tex. Cr.App.1972) cert. denied, 409 U.S. 884, 93 S.Ct. 176, 34 L.Ed.2d 140, we affirmed the conviction of the defendant, a passenger in a car in which three sacks full of marihuana were found. It was shown that the defendant signed a form abandoning any claim to marihuana seeds and debris found in his baggage when crossing the Mexican border. Between the time of the signing of this form and the stop of the automobile in Pleasanton the three sacks of marihuana were placed in the car. This circumstance in conjunction with the presence of a sprig of marihuana on the passenger side of the vehicle supplied the affirmative link between the defendant and the marihuana.

*Hernandez v. State*, 538 S.W.2d 127 (Tex. Cr.App.1976) supplies us with an analogous fact situation. There we affirmed an order revoking probation of the defendant driver of the car where marihuana was found on the floor of the car in front of the passenger seat, occupied by the defendant's brother who admitted ownership of the contraband.

The instant case, like *Hernandez*, supra, is "a close one," but we conclude that the conflict between the appellants' stories is a circumstance implying guilt and when it is coupled with the strong odor of marihuana and the presence of what appeared to be marihuana seeds on the floor of the vehicle, the evidence is sufficient to link appellant Pendley with the marihuana.

Appellants' final ground of error is overruled.

Appellants' motion for rehearing is overruled.

The judgments are affirmed.

Opinion approved by the Court.

ROBERTS, Judge, dissenting on appellant's motion for rehearing.

On the basis of *Faulkner v. State*, 549 S.W.2d 1 (Tex.Cr.App.1976), I cannot agree with the majority.

I would reverse the judgment of the trial court and remand the cause.

PHILLIPS, Judge, dissenting on appellant's motion for rehearing.

I disagree with the majority's conclusion that the conflict between the appellants' stories is a strong circumstance implying guilt and when it is coupled with the strong odor of marihuana in the presence of what appeared to be marihuana seeds on the floor of the vehicle, the evidence is sufficient to link the passenger-appellant Pendley with the marihuana.

In *Hernandez v. State*, Tex.Cr.App., 538 S.W.2d 127, cited by the majority, it was noted that to establish unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control and management over the contraband and (2) that the accused knew the matter possessed was contraband. In the instant case the State has failed to meet the second prong of this test.

The majority attempts to link the passenger-appellant with the marihuana by "inde-

pendent facts and circumstances" in addition to his mere presence in Duff's automobile. I disagree with the manner in which the majority has interpreted these facts. The majority appears to attach significance to the conflicting statements given by Duff and Pendley: Officer Schmidt testified that Duff stated that Pendley had come to Austin with him from Corpus Christi, whereas Pendley told him that he was a hitchhiker whom Duff had picked up outside of Austin. However, these conflicting statements cannot be equated with the passenger's knowledge that his driver is carrying marihuana in the back seat or trunk.

There was additional testimony from Officer Schmidt that he observed the strong smell of marihuana in the car; however, we cannot impute a knowledge of the smell of marihuana to Pendley, who did not have the benefit of Schmidt's police academy training. See *Armstrong v. State*, Tex.Cr. App., 542 S.W.2d 119. Similarly, there was a conflict in testimony about the presence of marihuana seeds on the floorboard of the car. Once again we are unable to assume Pendley would recognize the seeds as marihuana if they were, in fact, there.

The majority cites to *Sanders v. State*, 482 S.W.2d 649, to illustrate circumstances which show the necessary affirmative link between a passenger-defendant and the marihuana. In *Sanders* the passenger signed a form abandoning any claim to marihuana seeds and debris found in his baggage pursuant to a border search of both the car and his personal effects. Several hours later, the passenger was in the car when it was searched 140 miles from the border and three Mexican flour sacks filled with marihuana were found in the trunk. *Sanders* is distinguishable from the instant case in several respects. The fact that the passenger in *Sanders* had some marihuana debris in his suitcase tends to support a presumption that he had some familiarity with the substance. Therefore, it is not unreasonable to assume he may have recognized the sprig of marihuana which was later found on the right front floorboard of the car. Additionally, the

circumstantial evidence in *Sanders* tends to show that the passenger was present when the marihuana was placed in the automobile trunk, since he had been present at the earlier search when none was found. In the instant case, there is nothing to show *when* the marihuana was placed in the car, even assuming Pendley had come from Corpus Christi that day.

The instant case turns on a "close" fact situation and is more in line with our decisions in *Harvey v. State*, Tex.Cr.App., 487 S.W.2d 75, and *Taylor v. State*, Tex.Cr. App., 505 S.W.2d 927, cited by the majority. Accordingly, I would reverse the judgment of the trial court as to appellant Pendley and remand the cause.

ROBERTS, J., joins in this dissent.