Ignacio ALCORTA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 10–85–097–CR.

Court of Appeals of Texas,
Waco.

Sept. 26, 1985.

Gustavo L. Acevedo, Laredo, for appellant.

Robert W. Gage, Fairfield, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Defendant Alcorta from a conviction for possession of marihuana for which he was assessed 35 years confinement in the Texas Department of Corrections and fined $10,000.

On November 11, 1984, Officer David Eldridge of the Texas Department of Public Safety stopped Defendant for exceeding the speed limit on Interstate 45 in Freestone County. Officer Eldridge clocked Defendant at 68 m.p.h. in a 55 m.p.h. speed zone. Officer Eldridge stopped Defendant's vehicle by flashing his red lights. Defendant pulled onto the shoulder of the road and Officer Eldridge parked behind him. Defendant met Officer Eldridge at the rear of Defendant's vehicle. Officer Eldridge asked to see Defendant's driver's license and told Defendant he was being stopped for speeding. Officer Eldridge asked Defendant if he had liability insurance on the car, and Defendant stated that he had just recently purchased the vehicle and had not yet purchased insurance on it.

Officer Eldridge stepped to the front of Defendant's vehicle to check the validity of the vehicle inspection sticker and to make sure there were no other occupants in the vehicle. As Officer Eldridge walked by the open driver's window, he saw what appeared to be a hand-rolled marihuana cigarette in the open ashtray. Officer Eldridge testified that he had seen hand-rolled marihuana cigarettes over 100 times and that he could not recall having found a cigarette

that looked like this one which did not contain marihuana.

Officer Eldridge attempted to turn off Defendant's vehicle, but he was unable to do so because of a "trick" ignition. He asked Defendant to turn off the vehicle, and Defendant complied. Officer Eldridge started to ask Defendant if he could search the trunk of the vehicle, but before he did, Defendant voluntarily opened the trunk. The trunk contained a suitcase and a large pasteboard box marked "U-haul". Officer Eldridge asked Defendant what the suitcase contained and he said he had nothing but clothing in it and voluntarily opened the suitcase. Officer Eldridge saw only rolled-up clothing in the suitcase.

Officer Eldridge then noticed what he believed to be the odor of unburned marihuana coming from the pasteboard box. He made this observation based on his prior experience with large quantities of marihuana. Officer Eldridge then arrested Defendant and advised him of his Miranda rights. Officer Eldridge called for assistance to transport Defendant and his vehicle to the Freestone County jail.

At the jail, Defendant was again advised of his rights. Defendant then signed a written consent to search, which gave the police officers permission to search his car. The pasteboard box in the trunk of Defendant's car was not opened prior to obtaining Defendant's written consent. Upon searching the car, Officer Eldridge found two partially smoked marihuana cigarettes in the ashtray and a large quantity of unburned marihuana in the box in the trunk. These items were examined by Charles Mott, a chemist, at the Department of Public Safety Laboratory in Waco. Both the cigarettes and the box were determined to contain marihuana. The box contained 27 pounds 10 ounces of good grade marihuana.

Defendant was indicted on possession of 50 pounds or less but more than 5 pounds of marihuana, with an enhancement paragraph concerning a prior conviction of conspiracy to distribute and to possess a controlled substance. Defendant was tried by a jury and convicted of possession of marihuana.

Defendant appeals on 4 grounds of error.

■ Grounds 1, 2, and 3 assert that the trial court erred in instructing the jury as to an unauthorized fine, that the jury erred in assessment of an unauthorized fine, and that the trial court erred in sentencing Defendant pursuant to a verdict which contained an unauthorized fine.

Defendant erroneously alleges that he was convicted of a first-degree felony in this case. Defendant was indicted and convicted of possession of marihuana in the quantity of 50 pounds or less but more than 5 pounds. This is a second-degree felony. TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.051.

Since Defendant had previously been convicted of a felony, the second-degree felony in this case was punishable as a first-degree felony. T.P.C. § 12.42(b). A first-degree felony is punishable by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years, and, additionally, by a fine not to exceed $10,-000. T.P.C. § 12.32. The jury was instructed according to the punishment outlined above for first-degree felonies. Thus, the fine of $10,000 assessed by the jury was not unauthorized.

Defendant's grounds 1, 2, and 3 are overruled.

Ground 4 asserts that the trial court erred in denying Defendant's Motion to Suppress Evidence since the evidence was obtained as the result of an illegal search and seizure.

■ Defendant was lawfully stopped for exceeding the 55 m.p.h. speed limit. Officer Eldridge noticed a marihuana cigarette in the ashtray of the vehicle when he was checking to see if there were any other passengers in the vehicle and if the state vehicle inspection sticker was valid. Officer Eldridge was justified in approaching the vehicle for the above reasons. *Duff v. State*, 546 S.W.2d 283 (Tex.Cr.App.1977).

After seeing the marihuana cigarette in the vehicle, Officer Eldridge had probable cause to believe that there was marihuana in the vehicle. A police officer having probable cause to search a vehicle may conduct a warrantless search of the entire vehicle, including all containers therein which may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982). Officer Eldridge had probable cause to search the entire vehicle, including the trunk, upon discovery of the marihuana cigarette, but he did not conduct a search at that time. Defendant voluntarily opened the trunk of his car, and when Officer Eldridge smelled unburned marihuana, he was alerted that Defendant was in possession of a large quantity of marihuana. Defendant's vehicle was not searched until Defendant had given his written consent. The pasteboard box containing marihuana and the two marihuana cigarettes recovered as a result of the search of Defendant's vehicle were not illegally obtained. The trial court properly denied Defendant's Motion to Suppress Evidence.

Ground 4 is overruled.

AFFIRMED.