**AFFIRMED as Modified; Opinion Filed January 10, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00513-CR
No. 05-12-00514-CR

**MIGUEL ANGEL MENDOZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F08-50983-M and F08-50984-M**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Lang

The sole issue in these appeals from jury convictions for possession with intent to deliver

four grams or more, but less than 200 grams of cocaine and possession with intent to deliver

alprazolam in an aggregate amount less than twenty-eight grams is whether evidence of the drugs

should have been suppressed. We conclude the trial court did not err in refusing to suppress the

evidence, modify the judgments to correct clerical errors, and, as modified, affirm the judgments.

### I. BACKGROUND

Miguel Angel Mendoza was arrested after "baggies with a white powder[y] substance"

were observed in his car during a traffic stop. The baggies were inside two coin purses, one of

which was open. The coin purses were under the plastic gear shift cover which was not fully

closed thereby revealing the baggies. Contending the arresting officer illegally searched his car,

Mendoza filed a motion to suppress evidence. The motion was heard at trial, outside the jury's presence.

The undisputed testimony at the suppression hearing showed Dallas police officer Sim Woodham was in his car working undercover in a restaurant parking lot when Mendoza parked next to him. Woodham observed two individuals enter the back of Mendoza's car, engage in "hand-to-hand transactions" with Mendoza and Mendoza's passenger, and then exit the car. According to Woodham, the two individuals were in the car "for approximately ten to fifteen seconds." Based on his experience, Woodham believed a drug transaction had occurred. Woodham radioed his partner, Noe Camacho, who was nearby in a marked car, to inform him of what he had observed. When Mendoza left the parking lot, Woodham and Camacho began following Mendoza. Moments later, Camacho stopped Mendoza for running a red light.

Camacho testified that as he exited his patrol car and approached Mendoza's car he heard Mendoza tell the passenger, who Camacho observed was "trying to shove something" under the gear shift cover, that Camacho was close and to "hurry." Concerned for his safety, Camacho directed Mendoza and the passenger to stop what they were doing and get out of the car. Both complied. After a pat down of both revealed no weapons, Camacho looked in Mendoza's car and noticed the "baggies with a white powder[y] substance" protruding from a coin purse in the partially uncovered gear shift box. Camacho removed the gear shift cover and found the two coin purses. The opened coin purse revealed the baggies and "a large amount" of what Camacho "believed to be cocaine." Subsequent field testing confirmed Camacho's suspicion.

Finding Camacho stopped Mendoza for running a red light and that Camacho observed "what appeared to be cocaine in the area where the passenger of the vehicle was making gestures," the trial judge orally denied Mendoza's motion. After the jury found Mendoza guilty

of each offense, the trial judge assessed punishment of ten years' confinement and a $5000 fine in the cocaine case, and a two-year sentence, suspended for five years, in the alprazolam case.

## II. SUPPRESSION OF THE EVIDENCE

In his sole issue, Mendoza argues the trial court's ruling was erroneous because Camacho lacked probable cause to conduct the warrantless search of his car. Without probable cause, Mendoza contends, the search violated his Fourth Amendment right against unreasonable searches and seizures,[1] and the drugs found during the search should have been excluded at trial pursuant to article 38.23 of the Texas Code of Criminal Procedure. In response, the State argues the drugs were legally seized because they were in plain view.

### A. *Standard of Review*

When, as here, the facts are undisputed, an appellate court reviews a trial court's ruling on a motion to suppress de novo. *State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011). In conducting this review, the court views all the evidence in the light most favorable to the ruling and will sustain the ruling if it is correct under any theory of law applicable to the case. *Miller v. State*, 393 S.W.3d 255, 263 (Tex. Crim. App. 2012); *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011).

### B. *Applicable Law*

The Fourth Amendment of the United States Constitution protects an individual's right to be secure in person and property. *Horton v. California*, 496 U.S. 128, 133 (1990). Thus, at the forefront of all Fourth Amendment claims is a "reasonable expectation of privacy." *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004). Generally, searches and seizures conducted

---

[1] Mendoza also argues the search violated his right against unreasonable searches and seizures under article 1, section 9 of the Texas Constitution and his due process and due course of law rights under the Fifth and Fourteenth Amendments to the United States Constitution, article 1, sections 13 and 19 of the Texas Constitution, and articles 1.04 and 1.06 of the Texas Code of Criminal Procedure. Mendoza , however, provides no supporting authority or analysis for these contentions and does not argue the state provisions afford him greater protection than the Fourth Amendment. Accordingly, these contentions present nothing for review. *See* TEX. R. APP. P. 38.1(i); *Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000); *Brimage v. State*, 918 S.W.2d 466, 477 n.11 (Tex. Crim. App. 1994).

without a warrant are per se unreasonable and unlawful under the Fourth Amendment, and evidence obtained as a result is inadmissible at trial. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005); *Meekins v. State*, 340 S.W.3d 454, 458 (Tex. Crim. App. 2011).

When a warrantless search of a car is undertaken, the State bears the burden of showing the officer had probable cause to believe the car contained evidence of a crime or contraband. *See Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *Powell v. State*, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994). No search occurs, however, when contraband is left in plain view and is observed by an officer "from a lawful vantage point." *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993); *Hill v. State*, 303 S.W.3d 863, 873 (Tex. App.—Fort Worth 2009, pet. ref'd). The plain view doctrine underscores the significant difference between searches and seizures. *Horton*, 496 U.S. at 133. "A search compromises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property." *Id.* When an article is in plain view, neither its observation nor its seizure involves an invasion of privacy. *Id.*; *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). Thus, the plain view doctrine addresses the concerns that are implicated by seizures–-the invasion of an individual's possessory interest. *Horton*, 496 U.S. at 134.

The seizure of an object in plain view is justified if (1) the officer is lawfully where the object can be "plainly viewed," (2) the "incriminating character" of the object is "immediately apparent," and (3) the officer has the right to access the object. *State v. Betts*, 397 S.W.3d 198, 206 (Tex. Crim. App. 2013) (quoting *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009)). In other words, "[w]here the initial intrusion that brings the officer within plain view of the article is supported . . . by one of the recognized exceptions to the warrant requirement, the seizure is also legitimate." *Horton*, 496 U.S. at 135. An officer has a right to be where he is, for purposes of the plain view doctrine, if he "did not violate the Fourth Amendment in arriving at

the place from which the evidence could be plainly viewed." *Walter*, 28 S.W.3d at 541 (quoting *Horton*, 496 U.S. at 136). An officer who observes a motorist commit a traffic violation, such as running a red light, may lawfully stop the motorist, *Nuttal v. State*, 87 S.W.3d 219, 222 (Tex. App.-–Amarillo 2002, no pet.); approach the car, *Duff v. State*, 546 S.W.2d 283, 286 (Tex. Crim. App. 1977); ask the occupants to step out of the car, *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977); look inside the car, *Texas v. Brown*, 460 U.S. 730, 739-40 (1983); and, immediately seize any "suspicious object," *id.*

### C. Application of Law to Facts

In arguing the trial court erred in denying his suppression motion, Mendoza does not dispute Camacho lawfully stopped him for running the light. Rather, he contends Woodham's observation of what Woodham "thought was a drug transaction" and Camacho's observation of the "ambiguous furtive gesture" were insufficient to establish probable cause to search the car. The coin purses containing the drugs, however, were not discovered as part of a search; they were in plain view and were observed by Camacho from a lawful vantage point. *See Dickerson*, 508 U.S. 375; *Hill*, 303 S.W.3d at 873. Having lawfully stopped Mendoza for running a red light, Camacho had a right to approach Mendoza's car, look inside, and seize any "suspicious objects." *See Brown*, 460 U.S. at 739-40; *Duff*, 546 S.W.2d at 286. Further, Camacho could ascertain the "incriminating character" of the contents of the coin purses from Woodham's communication that he had observed what he believed to be a drug transaction occur in Mendoza's car; Mendoza's directive to his passenger, as Camacho approached, to "hurry;" the passenger's "furtive gestures;" and Camacho's observation of "a white powder[y] substance" in baggies that were in an opened coin purse under the opened gear shift cover. *See*, *e.g.*, *Smith v. State*, 542 S.W.2d 420, 421 (Tex. Crim. App. 1976) (furtive gestures valid indicia of mens rea when coupled with other suspicious circumstances); *Goonan v. State*, 334 S.W.3d 357, 361 (Tex.

App.—Fort Worth 2011, no pet.) (incriminating nature of pill bottle obvious where, among other reasons, pill bottle found where appellant had earlier made "furtive movements"). Viewing this evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not err in overruling Mendoza's motion to suppress. *See Walter*, 28 S.W.3d at (seizure of marijuana, observed in plain view during traffic stop, did not violate Fourth Amendment); *Hill*, 303 S.W.3d at 874 (seizure of cocaine, observed in plain view during traffic stop, did not implicate Fourth Amendment). We resolve Mendoza's sole issue against him.

### III. MODIFICATION OF JUDGMENTS

In a cross-point, the State notes the judgment in the alprazolam case incorrectly reflects Mendoza entered a guilty plea and asks us to modify the judgment to reflect Mendoza's plea of not guilty. We also note the judgment in the cocaine case incorrectly reflects the offense to be a first degree felony instead of a second degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). Because the record reflects Mendoza pleaded not guilty to the charge of possession of alprazolam and also reflects Mendoza was charged with and convicted of the second degree felony offense of unlawful possession of cocaine, we modify the judgments accordingly. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.-–Dallas 1991, pet. ref'd).

### IV. CONCLUSION

We affirm, as modified, the trial court's judgments.


Do Not Publish
TEX. R. APP. P. 47
120513F.U05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MIGUEL ANGEL MENDOZA, Appellant

No. 05-12-00513-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F08-50983-M.
Opinion delivered by Justice Lang.   Justices
Moseley and Brown participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment to reflect the
"Degree of Offense" to be "2ND DEGREE FELONY."   As modified, we **AFFIRM** the trial
court's judgment.

Judgment entered this 10th day of January, 2014.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MIGUEL ANGEL MENDOZA, Appellant

No. 05-12-00514-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F08-50984-M.
Opinion delivered by Justice Lang.   Justices Moseley and Brown participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment to reflect the "Plea to Offense" to be "NOT GUILTY."  As modified, we **AFFIRM** the trial court's judgment.

Judgment entered this 10th day of January, 2014.

_/Douglas S. Lang/_
DOUGLAS S. LANG
JUSTICE