Gordon Quanah **HALL**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 45551.

Court of Criminal Appeals of Texas.

Jan. 10, 1973.

Paul J. Chitwood, Dallas, for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Special Commissioner.

Appellant was convicted under Art. 483, Vernon's Ann.P.C., of unlawfully carrying a pistol and his punishment assessed at a fine of $150.

Trial was to the Court without a jury.

We reverse the judgment of conviction on appellant's first ground of error wherein he insists that the pistol in question was seized from his motor vehicle as the result of an illegal arrest and that for such reason his conviction cannot stand.

Briefly, the record shows that on the day in question as Officer Bolling was driving his squad car east on Throckmorton Street in the city of Dallas, he observed a Ford pick-up being driven in front of him by the appellant. At an intersection appellant slowed down his vehicle and turned left on Browser Street without having made any form of signal. The officer proceeded to stop and arrest appellant for failing to signal that he was going to turn. The pistol in question was found by the officer under the front seat of the pick-up after appellant had been stopped. Officer Bolling made it clear from his testimony that the only reason he stopped and arrested the appellant was because of his failure to give a signal that he was going to turn his vehicle to the left at the intersection. While the officer testified that when he saw appellant's truck turn "I slowed down momentarily," he testified that "it didn't interfere with me." He further stated that at the time appellant turned his vehicle he did not recall seeing any approaching cars and that he did not remember how much traffic there was on Browser.

Under the record there is no showing that appellant's action of turning without giving an appropriate signal was under such circumstances as to be a threat or hazard to traffic safety or affecting the movement of other traffic as prohibited by Article 6701d, Sec. 68(a), Vernon's Ann. R.C.S.[1] in effect at the time of appellant's arrest so as to authorize his arrest without warrant under Sec. 153 of the Article. Under the decision of this Court in Willett v. State, Tex.Cr.App., 454 S.W.2d 398, giving application to this statute where a vehicle was driven into a private driveway, appellant's arrest was unlawful and the search of his vehicle unauthorized.

We are unable to agree that appellant was also stopped and detained by Officer Bolling for the purpose of checking his driver's license as authorized under Article 6687b, Sec. 13, V.C.S., and that his subsequent arrest and seizure of the pistol

---

1. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 65, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.

were lawful under this Court's decision in Oliver v. State, 455 S.W.2d 291. While the officer testified that he did ask appellant for his driver's license, it is clear from his testimony that such was not the reason for stopping him. When asked on cross-examination if appellant had "continued on in a normal manner and not apparently violated any laws, you wouldn't have stopped him for a license check?" the officer stated, "I doubt very seriously that I would have."

For the reason stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.