**Gary PRASKA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52994.**

Court of Criminal Appeals of Texas.

July 6, 1977.

Appellant's Motion for Rehearing
Denied Oct. 19, 1977.

Appellant's Second Motion for Rehearing
Denied Nov. 9, 1977.

Stayton, Maloney, Hearne & Babb, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Richard E. Banks, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a conviction for possession of hashish. Appellant was tried before the court which assessed punishment at three years in the Texas Department of Corrections. Imposition of sentence was suspended and appellant was placed on probation.

In his sole ground of error appellant contends that the trial court erred in admitting into evidence the contraband seized from appellant's automobile because the evidence was the product of an illegal search and seizure.

At the hearing on appellant's motion to suppress Officer William Alexander of the Austin Police Department testified that he was driving west on Seventh Street in Austin at approximately 2:00 a. m. on November 30, 1974, when he observed appellant's vehicle facing north in the 700 block of the east frontage road of Interstate 35. The officer said that appellant's vehicle was either stopped or slightly moving and then turned left into the parking lot bordering the frontage road. The officer stated that he also pulled into the parking lot to stop appellant's vehicle because he believed that he had committed a traffic violation, specifically, failure to signal intent to make a left turn. The officer stated that the vehicle was equipped with signal lights and he did not see the lights blinking when appellant turned. However, he also stated that he could not testify that appellant failed to use a hand signal before making the left turn. The officer testified that he issued appellant a citation for failure to make a left turn signal. The citation was introduced into evidence and is part of the record now before this Court.

Officer Alexander further stated that he spoke with appellant and the passenger in the car while he stood at the driver's window. He stated that he asked appellant "what the problem was" and "why they changed their position in the middle of 7th and the east frontage and turned into a public parking area at 2:00 in the morning."

He further stated that the appellant and his passenger acted confused or lost and he did not get an answer as to what the problem was. He also said he saw that both occupants of the car were leaning forward and that the passenger indicated with a motion of his arm that his attention was centered around something on the floor area. The officer said he then ordered the pair to put their hands on the dashboard where he could see them.

The officer testified that he then opened the driver's door of the vehicle and asked appellant to step out and at this time he said he detected the odor of marihuana. He said that he frisked appellant for weapons and that a fellow officer was present on the passenger side of the vehicle frisking the occupant of the car. Officer Alexander said that he then searched appellant's car and found a tin containing the contraband on the front floor of the car.

The disposition of this case turns on a single issue: Was Officer Alexander justified in stopping appellant?

Relying on *Willett v. State*, 454 S.W.2d 398 (Tex.Cr.App.1970) and *Hall v. State*, 488 S.W.2d 788 (Tex.Cr.App.1973) appellant contends that the officer was not justified. Both of those cases involved the introduction into evidence of contraband seized as a result of a traffic stop and in both cases the alleged justification for the traffic stop was a failure to signal before making a turn, in violation of Article 6701d, Sec. 68(a), Vernon's Ann.C.S.

Section 68(a) in effect at the time of both *Hall* and *Willett* provided that:

"(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 65, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided *in the event any other traffic may be affected by such movement.*" (Emphasis added).

In both *Hall* and *Willett* the testimony of the arresting officers was to the effect that no other traffic was affected by the defendants' failure to signal their intention to turn. Therefore, we held in each case that the officer was not justified in stopping the defendants because no offense had been committed.

■ Section 68(a) has subsequently been amended and the provision in effect at the time of appellant's arrest provides that:

"(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 65, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety. Except under conditions set out in Section 24(a) no person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided."

Both signal lights and hand and arm signals are appropriate signals under the provisions of Section 69, but contrary to the old provision, supra, one or the other signal is required regardless of other traffic. See *Beck v. State*, 547 S.W.2d 266 (Tex.Cr.App. decided July 7, 1976).

It is appellant's contention that because Officer Alexander could not testify that appellant failed to use a hand signal "the officer observed no violation" of Section 68(a) and, therefore, the traffic stop was not justified and the subsequent search was illegal under the rationale of *Willett*. We cannot agree.

From Officer Alexander's vantage point on Seventh Street at 2:00 a. m. he observed a vehicle turn left without any visible signal. He saw what appeared to him to be a violation of Section 68(a). He issued a traffic citation charging appellant with that offense. The fact that appellant may have used a hand signal which Officer Alexander could not see from his vantage point is certainly a defense to the charge that he

committed the traffic offense, but it just as certainly would not negate the officer's justification for stopping appellant's vehicle in the first place.

■ The principle of *Willett* and *Hall* remains viable. In both cases the officers' own testimony that there was no traffic affected by the defendants' failure to signal established that the officers had observed no offense under the old Section 68(a). In the instant case the officer's testimony establishes that he observed activity which constituted probable cause that an offense had been committed under the new Section 68(a). The existence of such probable cause authorized Officer Alexander to stop appellant. *Soileau v. State*, 156 Tex.Cr.R. 544, 244 S.W.2d 224 (1952).

The instant case is likewise distinguishable from our recent decision in *Hooper v. State*, 533 S.W.2d 762 (Tex.Cr.App.1976). We reversed a conviction for possession of obscene material with intent to distribute because the only evidence justifying the stop of the truck in which the material was found was the hearsay statement that the truck had defective brake lights. The arresting officer did not testify.

We find that Officer Alexander was justified in stopping appellant's vehicle. He was, therefore, legitimately in a position to observe the facts and circumstances authorizing the search which led to the discovery of the contraband, and, indeed, appellant does not question his authority for the search. See *Duff v. State*, 546 S.W.2d 283 (Tex.Cr.App.1977).

Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

ODOM, J., dissents.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

On original submission appellant's sole contention was that the court erred in admitting into evidence the contraband seized from his automobile because of an illegal search and seizure.

■ Austin Police Officer Alexander testified that at 2 a. m. on November 30, 1974 he stopped appellant's automobile for failure to signal intent to make a left turn from a public road into a parking lot. Alexander stated appellant's vehicle was equipped with signal lights and he did not see the lights blinking when appellant turned. He could not testify that appellant failed to use a hand signal before making the turn.

The opinion on original submission stated:

"From Officer Alexander's vantage point on Seventh Street at 2:00 a. m. he observed a vehicle turn left without any visible signal. He saw what appeared to him to be a violation of Section 68(a). He issued a traffic citation charging appellant with that offense. The fact that appellant may have used a hand signal which Officer Alexander could not see from his vantage point is certainly a defense to the charge that he committed the traffic offense, but it just as certainly would not negate the officer's justification for stopping appellant's vehicle in the first place."

On rehearing appellant argues there can be no justification for the stop if the officer did not observe all of the facts necessary to a traffic violation, and he did not see a violation because he could not ascertain whether appellant gave a hand signal.

He further maintains that the fact that a hand signal was given is not a defensive matter as stated in the opinion on original submission but rather it is the State's burden to plead and prove that no type of appropriate turn signal was used in order to show the offense in question.

It is true that the State cannot prove a "no turn signal" case without proving that no appropriate signal was given. The giving or not of a hand signal is not fundamen-

tally a defensive issue, and the language in the opinion on original submission may therefore be somewhat misleading, but it should be borne in mind this is a prosecution for possession of hashish and not a prosecution on a "no turn signal" case. The sole question is whether the officer had probable cause to stop the vehicle.

In *Drago v. State*, 553 S.W.2d 375, 377 (Tex.Cr.App.1977), it was stated:

"Appellant's second ground of error contends that an offense was not shown to have been committed in the officers' presence and, therefore, the stopping of appellant was unlawful and the evidence seized thereafter illegally acquired. As stated above, proof of the actual commission of the offense is not a requisite. The facts above set out were sufficient observable facts by the officers to reasonably justify said belief and, thus, afford them probable cause for the stopping of appellant. * * * The primary purpose of the Exclusionary Rule is to deter police activity which could not have been reasonably believed to be lawful by the officers committing same. *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975). . . ." See also *Soileau v. State*, 156 Tex.Cr.R. 544, 244 S.W.2d 224 (1951).

It is significant that the record in the instant case reflects the following testimony by Officer Evans:

"Q In your own mind did you believe that the defendant had committed a traffic violation?

"A Yes, sir, that's why I went after him.

"Q That's why you pulled the car over?

"A Yes."

The facts in the instant case were sufficient observable facts by Officer Evans to reasonably justify said belief and thus afford him probable cause for the stopping of appellant.

Appellant's motion for rehearing is overruled.