**James Wallace VICKNAIR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0155–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 14, 1983.

Discretionary Review Granted April 18, 1984.

Don Irvin, Houston, for appellant.

John Holmes, Houston, for appellee.

Before EVANS, C.J., and COHEN and DOYLE, JJ.

## OPINION

COHEN, Justice.

Appellant was convicted of the felony offense of possession of marihuana in an amount more than five pounds and less than fifty pounds. Pursuant to a plea of bargain agreement, the court assessed punishment at 5 years confinement. We hold that the marihuana was seized as the result of an illegal arrest and, therefore, we reverse the judgment.

The appellant was arrested while driving his automobile for what the arresting officer characterized as "an equipment violation", namely, "a defective taillight with a cracked lens and white light showing to the rear of the vehicle while moving." The violation was also characterized as "a taillight lens that has been cracked to the extent you could observe *white* light coming through the rear." The arresting officer testified that both *red light* and white light were visible coming from the taillight of appellant's vehicle. The officer testified that he had been instructed in his training that this was a violation and believed that it violated "Vernon's Texas Civil Statutes regarding moving motor vehicles."

Immediately upon confronting the arresting officer, appellant stated that he had no Texas driver's license and his license issued in another State had been revoked. Consequently, the officer put appellant in custody in the police car. A male passenger of appellant's car exited upon the officer's demand and a handgun was seen in plain view near the seat he had occupied. He was arrested for unlawfully carrying a handgun and placed in the patrol car. A female passenger was then removed from the car, whereupon bags of marihuana were seen in plain view, and she was arrested for possession of marihuana. Appellant was also subsequently charged with possessing the marihuana found in the car.

Both appellant and the State agree that the violation the officer was describing was that in Tex.Rev.Civ.Stat.Ann. art. 6701d, § 111 (Vernon 1977) which provides in pertinent part:

> ... every motor vehicle ... shall be equipped with at least two taillamps mounted on the rear which, when lighted as required by § 109, *shall emit a red light plainly visible* from a distance of 1000 feet to the rear, ....

■ There is no evidence whatsoever in this record that appellant's car failed to emit a red light plainly visible at a distance of 1000 feet to the rear, as required by § 111. On the contrary, the arresting officer testified that it did emit a red light visible to him at all times at an unstated distance to the rear. Since no one testified that appellant's car failed to emit a visible red light, there was no basis at all to justify the original detention. This distinguishes this case from *Praska v. State,* 557 S.W.2d 83, 86–87 (Tex.Cr.App.1977).

The State concedes in its brief that the evidence would be insufficient to sustain a conviction for the taillight violation. Furthermore, the State cites not a single case upholding a search under these circumstances.

■ This was a warrantless arrest. A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. Tex.Code Crim.Pro.Ann. art. 14.01(b) (Vernon 1977); Tex.Rev.Stat.Ann. art. 6701d, § 153 (Vernon 1977). However, what this officer testified he observed did not constitute an offense under § 111 of art. 6701d, and the officer's well-intentioned but mistaken belief that it did will not legitimate this search. *Scott v. U.S.,* 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978). "Instead of motive or intent, the court must view the circumstances objectively to determine whether they support the justification." *Nickerson v. State,* 645 S.W.2d 888, 890 (Tex.App.—Dallas 1983). If the circumstances do not support the justification claimed for the arrest or search, the evidence illegally seized must be suppressed. Tex.Code Crim.Pro.Ann. art. 38.-23 (Vernon 1979).

Convictions were reversed under very similar circumstances in *Willett v. State,* 454 S.W.2d 398 (Tex.Cr.App.1970) and *Hall v. State,* 488 S.W.2d 788 (Tex.Cr.App.1973). In both of those cases, the arresting officer stopped a motor vehicle for making a turn without a signal, even though the maneuver was done without creating any traffic hazard. The relevant statute, art. 6701d § 68, then made it an offense to turn without signaling only when it was unsafe to do so. In *Willett,* the search which followed produced marihuana, and in *Hall* it produced a pistol.

The court stated in *Willett:*

> There is no evidence that the operation by the appellant of his automobile at the time and place in question was a threat or hazard to traffic safety or that traffic safety was affected by the movements of his car as he turned right into the private driveway. The only motor vehicle at or near the scene other than appellant's was that driven by Officer Keltie, and there is no testimony to show that appellant's right turn into the driveway affected the movement of his automobile.
>
> There are no facts or circumstances shown which would warrant the detaining of the appellant and requiring him to get into the patrol car and accompany the officers to the service station. The illegal arrest of the appellant without a warrant and his detention thereafter rendered the testimony concerning the marihuana obtained at the service station inadmissible.

Both *Willett* and *Hall* were unanimous decisions. The opinion in *Willett* was written by Judge Leon Douglas on the appellant's motion for rehearing, and it withdrew the prior opinion of the court affirming the conviction.

▆▆▆ The State makes a one sentence argument that the search should be upheld because appellant did not argue that the traffic stop was illegal during the motion to suppress hearing. However, it was the State's burden, not appellant's, to prove the validity of a warrantless search or arrest. *Gonzalez v. State*, 588 S.W.2d 355 (Tex.Cr. App.1979); *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972). The rules announced in *Gonzalez* and *Brown* have been the law not only of this state, but of this nation, for many years. *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1923); *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *McDonald v. U.S.*, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948). The State cites no authority for the proposition that appellant must argue orally at the motion to suppress hearing that the traffic stop was illegal in order to preserve the error. There is statutory authority to the contrary. Tex.Code Crim.Pro.Ann. art. 40.09 § 6(d)(3) (Vernon Supp.1982) provides:

> When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence shall be admitted, then in that event such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of such objections being renewed in the presence of the jury.

Appellant timely filed a motion to suppress evidence stating that the search was made without warrant and without authority; was not incident to a legal arrest or based upon probable cause; and was unreasonable. This written motion was before the court at all times and was overruled at the conclusion of the hearing. The motion was unambiguous and, in our opinion, sufficient to preserve the error precisely for the reasons stated: the search that occurred here was without warrant, not incident to a legal arrest, and not supported by probable cause. *Willett v. State; Hall v. State*, both supra.

Ground of error three is sustained.

The judgment is reversed and the cause is remanded to the district court.


DOYLE, J., dissents.

DOYLE, Justice, dissenting.

I respectfully dissent.

The majority opinion is predicated on the premise that there was no basis to justify the original detention, and hence the warrantless arrest and search were illegal. Therefore, it reasons, any evidence obtained as a result of such a search was illegally seized and should have been suppressed.

I shall first discuss the original detention. Was there probable cause to stop and arrest the appellant?

In the instant case, the fact that the taillight was broken and emitting a red and white light is undisputed. Therefore, the appellant's motion to suppress raises the issue of the sufficiency of the evidence to

support a warrantless arrest as a matter of law. *Killingsworth v. State*, 306 S.W.2d 715 (Tex.Cr.App.1957). It thus became the duty of the trial judge to rule on the admission of the evidence and this ruling will not be disturbed if there is any basis to support it. *Fowler v. State*, 379 S.W.2d 345, 347 (Tex.Cr.App.1964). The trial judge had before him the testimony of Officer Illingworth to the effect that he had been trained and instructed to issue citation to drivers who operated vehicles with taillights cracked or defective to the extent that they emitted white light coming through the rear. Contrary to the statement in appellant's brief to the effect that the only reference to the time of day was that it was "evening", the trial court heard testimony that also revealed that the time was "night". When Officer Illingworth was asked to identify a defense exhibit showing the subject car, he stated:

Q. Let me show you what is been marked Defense Exhibit No. 1. Can you identify that?

A. Yes, sir, that the ... I believe that to be the vehicle we stopped that *night*.

Later, on being questioned about the appearance of the car, the officer testified:

Q. Does it appear to be the same as it did on or about November 27th of 1981, Officer?

A. From my memory, I couldn't tell if that's the exact same taillight that was on it that *night*.

Q. What taillight lens was out then, right or left?

A. Right side. (Emphasis added)

In response to further questioning by defense counsel the officer responded:

Q. And what was that violation?

A. Cracked taillight lens.

Q. And that is a violation of what law?

A. I believe Vernon's Civil Statutes of Texas Moving Motor Vehicle Laws.

\* \* \* \* \* \*

Q. Is that why you're talking about, not having a taillight that emits something red?

A. What I am referring to sir, is a taillight lens that has been cracked to the extent you could observe white light coming through the rear.

Q. That is a violation of the law?

A. Yes. I was instructed by the department and in my training to issue a citation for that particular violation.

From such testimony I feel that the trial judge was fully justified in concluding that Officer Illingworth had probable cause to believe that a traffic offense had been committed. This was all that was necessary to support or authorize the original stop and detention as the hereinafter cited case will show. Whether a prosecution for the defective taillight violation would fail or succeed need not be considered by this court in its determination of whether the search and seizure was lawful.

The facts in *Soileau v. State*, 244 S.W.2d 224 (Tex.Cr.App.1951) are similar to those in the case here considered. Houston police on patrol at 3:30 o'clock a.m. saw the defendant Soileau drive through a red light. They pursued and arrested him for the traffic violation and while searching his person found a pistol. He was tried and convicted for unlawfully carrying a pistol. In affirming the conviction, Judge Davidson stated:

We are not here dealing with the question of whether appellant was in fact guilty of such violation; all the requirement necessary for the officers to make the arrest was the existence of probable cause authorizing the belief that the traffic offense had been committed. According to the undisputed testimony, the patrolmen were authorized to so conclude and therefore to make the arrest.

Thus, on this appeal, we are concerned with whether Officer Illingworth had before him, at the time of the incident, facts and circumstances within his knowledge that would reasonably justify his belief that an offense had been committed in violation of § 111 of art. 6701d. *Praska v. State*, 557 S.W.2d 83 (Tex.Cr.App.1977); *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); *Beck v.*

*Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Drago v. State*, 553 S.W.2d 375 (Tex.Cr.App.1977). Although in *Henry* and *Beck*, the Supreme Court found no probable cause for the arrests therein involved, these cases succinctly point out the circumstances that justify a warrantless arrest. In *Praska*, the officer observed what he considered to be an illegal left turn by a motorist from an Austin public street. The officer did not see the motorist give any signal as required by article 6701d, § 68(a). After stopping the vehicle, a search of it led to the recovery of a contraband drug and the defendant was charged with its possession. The disposition of that case (as does ours) hinged on a single issue. Was the officer justified in stopping the defendant? In upholding the defendant's conviction in *Praska* on the basis that there was probable cause for the initial stopping of the defendant and hence the admission of the fruits of the resulting search, Judge Onion reasoned as follows:

It is significant that the record in the instant case reflects the following testimony by Officer Evans:

Q. In your own mind did you believe that the defendant had committed a traffic violation?

A. Yes, sir, that's why I went after him.

Q. That's why you pulled the car over?

A. Yes.

The facts in the instant case were sufficient observable facts by Officer Evans to reasonably justify said belief and thus afford him probable cause for the stopping of appellant.

The appellant and the majority rely on *Willett v. State*, 454 S.W.2d 398 (Tex.Cr. App.1970) and *Hall v. State*, 488 S.W.2d 788 (Tex.Cr.App.1973) to support their contention that the detention and arrest in the case before us were illegal. Both of these cases are clearly distinguishable. From the officers' testimony in each case, it was established that no traffic violation had occurred in violation of art. 6701d, § 68(a), nor was there any testimony showing any other reason for stopping the defendants. Their testimony clearly showed that they had no reason, nor believed that they had a reason to stop the defendants. I think these cases were correctly decided on their facts. In our case the testimony is to the effect that the officer saw a defective taillight and believed that it was his duty to stop the appellant and issue a citation for it. This satisfies all of the state and federal requirements of probable cause as set forth in the case law and constitutions.

The majority ruling would require every law enforcement officer to be legally correct in his appraisal of every situation which he deems to be a violation of the law before he makes a warrantless arrest. The fact that he had a bona fide, reasonable and earnest belief that he was witnessing a crime or violation of the law would not give rise to probable cause under the majority's holding. This is simply not the law.

If the testimony of Officer Illingworth is analyzed in its entirety, I believe a violation of § 111 is clearly shown. The officer testified as follows:

Q. Was the red light illuminating from the taillight?

A. I would say yes. There was a red light, but it was a portion of it that had *white light* as well.

Section 111 makes no mention whatsoever about the taillamps emitting "a white light plainly visible..." It mentions only a red light. Would a green, pink, blue, white or any other color or combination of colors showing forth from the taillamps satisfy the requirement of the statute? I believe that a taillight that emits both a red light and a white light is violative of the exclusionary wording of § 111.

I would congratulate the officer for doing what he perceived to be his duty.

I would overrule the appellant's motion to suppress and sustain the trial court's judgment.