**Hallis Joseph WILKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00196–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 23, 1992.

Renato Santos, Jr., Houston, for appellant.

John B. Holmes, Jr., Alan Curry, Larry McDougal, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, Hallis Joseph Wilkins, was charged with the felony offense of possession of a controlled substance. In two enhancement paragraphs, he was alleged to have previously committed the offenses

of burglary of a motor vehicle and burglary of a building. Appellant entered a plea of not guilty to the offense and entered pleas of not true to the allegations in the enhancement paragraphs. The trial court found appellant guilty as charged and made findings of true on the allegations in the enhancement paragraphs. The trial court assessed appellant's punishment at 50–years confinement. Appellant appeals his conviction and raises three points of error. We reverse and remand.

On October 28, 1991, Houston Police Department Officers Pat Siddens and C.D. Knockham were on patrol when they saw appellant standing on the sidewalk in front of a vacant house that was a known location for prostitution and for the trafficking of crack cocaine. The officers saw appellant motion to a yellow Cadillac. The vehicle stopped in front of the house, and appellant approached the car and stuck his head in the driver's side window. Officer Siddens got out of his patrol car and approached appellant. Appellant started to walk away, crossing in front of the Cadillac. Officer Siddens instructed appellant to stop and told him that he was under arrest for soliciting a ride.

Officer Siddens handcuffed appellant and searched him. The officer found a glass crack pipe in appellant's right front pocket. Officer Siddens testified at trial that the pipe appeared to have cocaine residue in it. He further testified that Officer Hall in the Narcotics Division tested the pipe and told him that the pipe contained cocaine. Cynthia Gary, a criminalist for the Houston Police Department Crime Lab, testified that she tested the pipe and found that it contained 0.6 milligrams of cocaine.

In his first point of error, appellant alleges that his arrest and search were unlawful and that the trial court erred in admitting evidence pertaining to the fruits of his arrest. Officer Siddens arrested appellant without a warrant. A police officer may arrest an offender without a warrant for any offense committed in his presence or view, pursuant to TEX.CODE CRIM.P.ANN. art. 14.01(b) (Vernon 1977); *see also* TEX. REV.CIV.STAT.ANN. art. 6701d, § 153 (Ver-

non 1977) (a peace officer is authorized to arrest without warrant any person found committing a violation of any provision of the Uniform Act Regulating Traffic on Highways). However, a police officer may arrest without a warrant only if there is probable cause with respect to that individual. *Stull v. State*, 772 S.W.2d 449, 451 (Tex.Crim.App.1989). The test for probable cause for an arrest without a warrant is:

> [w]hether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested person) had committed or was committing an offense.

*Lunde v. State*, 736 S.W.2d 665, 667 (Tex. Crim.App.1987) (quoting *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)). An investigating officer's hunch, suspicion, or good faith perception are not enough, alone, to constitute probable cause for an arrest. *Id.; Stull*, 772 S.W.2d at 451. The perceived events must be out of the ordinary, suspicious, and tie a suspect with a criminal act. *Lunde*, 736 S.W.2d at 667. The individual's conduct cannot be as consistent with innocent activity as with a criminal act. *Id.*

Both appellant and the State agree that Officer Siddens arrested appellant for allegedly violating TEX.REV.CIV.STAT.ANN. art. 6701d, § 81(c) (Vernon Supp.1993), which provides:

> A person may not *stand in a roadway* for the purpose of soliciting a ride, contributions, employment or business from the occupant of the vehicle, except that a person may stand in a roadway to solicit charitable contributions if authorized to do so by the local authority having jurisdiction over the roadway.

(Emphasis added.)

The elements of the offense of soliciting a ride are, therefore:

(1) a person

(2) standing in the roadway

(3) for the purpose of soliciting a ride, contribution, employment, or business

(4) from the occupant of any vehicle.

*Breeding v. State,* 762 S.W.2d 737, 741 (Tex.App.—Amarillo 1989, pet. ref'd). The record fails to establish the second and third elements of this offense.

Article 6701d defines "roadway" as "[t]hat portion of a highway improved, designed or ordinarily used for vehicular traffic, exclusive of the berm or shoulder." TEX.REV.CIV.STAT.ANN. art. 6701d, § 13(c) (Vernon 1977). It further defines "sidewalk" as "[t]hat portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines intended for the use of pedestrians." TEX. REV.CIV.STAT.ANN. art. 6701d, § 13(d) (Vernon 1977). The terms "roadway" and "sidewalk" clearly refer to different areas. Under section 81(c), it is an offense to stand in a *roadway* for the purpose of soliciting a ride.

The State presented no evidence that appellant stood in the roadway. Officer Siddens testified that appellant was standing on the sidewalk when he gestured to the yellow Cadillac. Nothing in the record indicates that appellant moved to the roadway after he gestured to the car or that he was in the roadway when he stuck his head in the driver's side window. We find the State's argument that appellant must have been in the roadway when he approached the car unsupported by the record. In the absence of evidence that appellant was standing in the roadway when he gestured to the Cadillac or when he spoke to the driver, the second element of article 6701d, § 81(c) remains unsatisfied.

There is similarly no evidence in the record to suggest that appellant gestured to the Cadillac in order to solicit a ride. Officer Siddens testified that appellant's hand gestures differed from the traditional hitchhiking gesture of "thumbing." Appellant's actions in waving the car over and sticking his head in the driver's side window were as consistent with innocent activity, as with hitchhiking; he could have been greeting a friend or asking for directions. Appellant's actions were insufficient to warrant a prudent man in believing that he had solicited or was soliciting a ride. The third element of the offense of soliciting a

ride was therefore not established, and Officer Siddens did not have probable cause to believe that appellant was soliciting a ride.

This case is analogous to *Vicknair v. State,* 670 S.W.2d 286 (Tex.App.—Houston [1st Dist.] 1984), *aff'd,* 751 S.W.2d 180 (Tex.Crim.App.1986). In *Vicknair,* a police officer arrested a suspect for what the officer incorrectly believed to be a violation of TEX.REV.CIV.STAT.ANN. art. 6701d, § 111 (Vernon 1977). The officer searched the suspect's car incident to the arrest and found marihuana. This Court held that the arrest and subsequent search were unlawful. The court noted that what the officer testified he observed did not constitute an offense under the relevant statute, and that "the officer's well-intentioned but mistaken belief that it did will not legitimate this search." *Vicknair,* 670 S.W.2d at 287. The court further noted that the reviewing court should view the circumstances objectively to determine whether they support the justification for the arrest. If the circumstances do not support the justification claimed for the arrest, the evidence illegally seized must be suppressed. *Id.*

Officer Siddens testified that he saw appellant standing on the sidewalk, gesturing to an automobile. When the car pulled over, appellant stuck his head in the driver's window. This conduct does not constitute an offense under article 6701d, § 81(c), and the circumstances do not support the officer's justification for the arrest. Officer Siddens' mistaken belief that appellant's conduct constituted hitchhiking will not legitimate the warrantless arrest or the search of appellant incident to the arrest.

Because appellant's arrest was illegal, the fruits of this arrest, the pipe and its contents, were inadmissible. TEX.CODE CRIM.P.ANN. art. 38.23(a) (Vernon Supp. 1993), provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

Appellant's first point of error is sustained. Because appellant's warrantless arrest and subsequent search were illegal, the pipe and cocaine should not have been admitted. Obviously, such admission was harmful. We need not address points of error two and three.

The judgment is reversed and the cause is remanded to the trial court.