Opinion Issued May 6, 2004 







 







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00478-CR




DAVID JENNINGS WILLIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from Criminal Court at Law Number 11
Harris County, Texas
Trial Court Cause No. 0996549




MEMORANDUM OPINION

          After the trial court denied his motion to suppress evidence, appellant, David
Jennings Willis, pleaded nolo contendere to driving while intoxicated. Pursuant to
the plea agreement, the trial court sentenced appellant to three days in the Harris
County Jail, a one-year suspension of his driver’s license, and a $1,000 fine. In his
sole point of error, appellant contends that the trial court erred in denying his motion
to suppress evidence obtained as a result of the “illegal” stop and detention of
appellant. We affirm. 
Facts
          At approximately 1:30 a.m. on April 18, 2000, Houston Police Officer William
Lindsey, Jr. saw appellant driving a car on Richmond Street at the Hillcroft
intersection. At that intersection, Richmond is composed of three east-bound lanes,
three west-bound lanes, and one left-turn lane. Lindsey saw appellant stop his car in
the middle west-bound lane and then make a sharp left turn. This erratic movement
caused appellant’s car to partially enter the cross-walk and sit perpendicularly across
two lanes of traffic. When the left-turn signal turned green, appellant turned left onto
Hillcroft. Lindsey immediately stopped appellant and subsequently arrested him for
driving while intoxicated. 
          At the motion to suppress hearing, appellant argued that the left turn was not
illegal under the Texas Transportation Code,


 and, therefore, Lindsey lacked
reasonable suspicion to stop him. Lindsey testified that he stopped appellant because
he considered the left turn to be illegal. The trial court held that appellant failed to
comply with the law and denied his motion to suppress evidence.
Discussion
          In his sole point of error, appellant argues that the trial court erred in denying
his motion to suppress evidence because the State failed to demonstrate that it had
reasonable suspicion to make the initial stop. Furthermore, appellant contends that,
since the officer lacked reasonable suspicion to make the stop, his subsequent
detention and all evidence obtained as a result of the illegal stop should have been
suppressed. The State argues that the initial stop was legal because appellant made
an illegal turn. 
          In reviewing a trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to those facts. Id. We examine the evidence in the
light most favorable to the trial court’s ruling. State v. Ballard, 987 S.W.2d 889, 891
(Tex. Crim. App. 1999). 
          An officer may initiate a traffic stop if he has a reasonable basis for suspecting
that a person has committed a traffic offense. Whren v. United States, 517 U.S. 806,
810, 116 S. Ct. 1769, 1772 (1996); Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim.
App. 1992). Reasonable suspicion is dependent upon both the content of the
information possessed by the police and its degree of reliability. Alabama v. White,
496 U.S. 325, 330, 110 S. Ct. 2412, 2416-17 (1990). Texas Transportation Code
section 545.101(b) provides:
To make a left turn at an intersection, an operator shall:
 
(1) approach the intersection in the extreme left-hand lane lawfully
available to a vehicle moving in the direction of the vehicle; and
 
(2) after entering the intersection, turn left, leaving the intersection so
as to arrive in a lane lawfully available to traffic moving in the direction
of the vehicle on the roadway being entered.
Tex. Transp. Code Ann. § 545.101(b)(1), (2). 
          At the suppression hearing, Officer Lindsey testified that he believed that
appellant made an illegal left turn because appellant (1) did not approach the traffic
light in the left turn lane; (2) entered the crosswalk to turn towards the left turn lane
after stopping in the middle west-bound lane; and (3) caused his car to sit
perpendicularly across two lanes of traffic while waiting for the left turn signal. 
Although appellant agrees with the basic facts as testified to by Lindsey, he contends
that the lane correction from the middle west-bound lane to the left turn lane was not
a violation of the statute. 
          Proof of the actual commission of an offense is not necessary for an officer to
initiate a traffic stop. Praska v. State, 557 S.W.2d 83, 87 (Tex. Crim. App. 1977). 
Here, based on the totality of the circumstances, Lindsey had reasonable suspicion to
believe that appellant had committed a traffic offense. 
          Accordingly, we hold that the trial court did not err in denying appellant’s
motion to suppress evidence. We overrule appellant’s sole point of error.  
          We affirm the judgment of the trial court. 
 
 
Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
Do not publish. Tex. R. App. P. 47.4.